FILED
JAN 2 5 2008
Jan 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUSSEIN H. MANN and <br> DEBRA HOUSTON-MANN, <br><br> Plaintiffs, <br><br> v. <br><br> CALUMET CITY, ILLINOIS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) 08CV 555 <br> ) JUDGE COAR <br> ) MAGISTRATE JUDGE DENLOW <br> ) <br> ) <br> ) |

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs, HUSSEIN H. MANN and DEBRA HOUSTON-MANN (the "Property Owners"), pursuant to Fed. R. Civ. P. 65, request that this Court enter a preliminary injunction against Calumet City, Illinois (the "City") enjoining the City from enforcing and taking certain other actions in connection with certain provisions of the Municipal Code of Calumet City, Illinois (the "Code"). In support of this motion, the Property Owners state as follows:

1. The facts supporting the Property Owners' claims are set forth in detail in the Property Owners' Verified Complaint ("Comp.") and in the accompanying Memorandum of Law Supporting Plaintiffs' Motion for a Preliminary Injunction (the "Supporting Memorandum"), both of which are incorporated herein by reference.

2. Property Owners bring this action of injunctive and declaratory relief pursuant to 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201 and 2202 to redress the deprivation, under color of law, of rights guaranteed to them and the citizens of the City by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 6 and 15 of the Constitution of the State of Illinois. As explained briefly below and in more

detail in the Supporting Memorandum, the Property Owners seek declaration that three provisions of the Code are unconstitutional and an injunction prohibiting, among other things, enforcement of the referenced Code provisions. Comp. at ¶ 1.

3. First, the Property Owners seek a declaration that Section 14-1 of Article I of Chapter 14 of the Code (the "Point of Sale Inspection Ordinance"), that requires warrantless searches of private property before the sale or transfer of such property, violates the Fourth Amendment to the United State Constitution. The Point of Sale Inspection Ordinance provides that the City will not issue "transfer stamps" – which are required to sell property – unless a seller of property obtains a "certificate of compliance." The only way for a seller to obtain a "certificate of compliance" is to allow the City to conduct a warrantless, standardless and limitless search of the property. The Point of Sale Inspection Ordinance violates the Fourth Amendment because, among other reasons, it (i) has no procedure for sellers of property to insist on the City obtaining a warrant to enter private residences, (ii) places no restrictions on the scope of searches conducted pursuant to the ordinance, and (iii) does not provide for obtaining the consent of the tenants living in non-owner occupied leased dwelling units. Comp. at ¶ 2.

4. Second, The Property Owners seek a declaration that portions of the Point of Sale Inspection Ordinance that require sellers of lawfully-owned multi-family residences to "deconvert" them into structures with fewer income-producing rental units (the "Deconversion Provisions") are unconstitutional. The Deconversion Provisions purport to allow the City to require owners of property who purchased multi-family residences, or who lawfully and with the knowledge and approval of the City expanded their properties in compliance with then-existing zoning ordinances, to make costly modifications at the point-of-sale to bring their properties into conformance with current, subsequently-enacted zoning ordinances (i.e., to "deconvert" their properties). The Property Owners seek a

declaration that the Deconversion Provisions violate the Fifth and Fourteenth Amendments to the United States Constitution because, among other reasons, they (i) force property owners to deconvert property thus effectively depriving property owners of a justifiably expected property interest resulting in a "taking" of property without just compensation and the deprivation of property without due process of law, (ii) unlawfully restrict the sale of property when the property owner does not or cannot deconvert his nonconforming property, and (iii) target specific members of nonconforming property owners (i.e., those that intend to sell their property), thereby effectively and unconstitutionally dividing property owners into two separate and unequal classes in violation of the Equal Protection Clause. Comp. at ¶¶ 3-5.

5. Third, the Property Owners seek a declaration that Section 14-711 of Division 2 of Article X of the Code entitled the "Rental Dwelling Inspection Ordinance," which requires annual inspections of rental property, violates the Fourth Amendment to the United States Constitution because it does not include provisions requiring the City to obtain the consent of tenants to conduct searches of their residences. Comp. at ¶ 6.

6. The Property Owners challenge the legality of those provisions of the Code as applied to them and the real property interests of other City property owners and tenants.

**WHEREFORE**, for the reasons set forth above and in the Supporting Memorandum, the Property Owners request immediate declaratory relief by which the Court, among other things, would declare the Point of Sale Inspection Ordinance, including the Deconversion Provisions, and the Rental Dwelling Inspection Ordinance unconstitutional. Comp. at ¶ 7. In addition, the Property Owners seek a Preliminary Injunction that:

1. prohibits the City from performing point-of-sale inspections pursuant to the

Point of Sale Inspection Ordinance and enjoins the City from prohibiting the sale of property and refusing to issue transfer stamps in the absence of a point-of-sale inspection and/or issuance of a "certificate of compliance;"

    2.    prohibits the City from enforcing the Deconversion Provisions;

    3.    prohibits the City from attempting to coerce property owners to sell their property to the City at values below market value in exchange for the City not requiring deconversion;

    4.    prohibits the City from conducting inspections pursuant to the Rental Dwelling Inspection Ordinance;

    5.    grants such other relief as the Court deems just and proper; and

    6.    finds that because no costs or damages will be incurred or suffered by the City if the requested injunction is issued, the Court deems it proper that, pursuant to Fed. R. Civ. P. 65(c), no security need be given by the Property Owners.

Dated: ____1/18____, 2008    Respectfully submitted,

                           HUSSEIN H. MANN and
                           DEBRA HOUSTON-MANN

                           By: _____
                                Marcia B. Gevers

Marcia B. Gevers
MARCIA B. GEVERS & ASSOCIATES
19710 Governors Highway, Suite 8
Flossmoor, IL 60422
Ph:   (708) 957-2700
Fax:  (708) 957-2720
Attorney No.: