IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUSSEIN H. MANN ) | |
| and DEBRA HOUSTON-MANN, ) | |
| ) | Case No. 08 CV 555 |
| *Plaintiffs,* ) | |
| ) | Judge David H. Coar |
| v. ) | Magistrate Judge Morton Denlow |
| ) | |
| CALUMET CITY, ILLINOIS, ) | |
| ) | |
| *Defendant*. ) | |

**MOTION OF INTERVENORS MAINSTREET ORGANIZATION
OF REALTORS® AND AYANNA WALKER TO STAY**

Intervenors, Mainstreet Organization of Realtors® ("Association") and Ayanna Walker ("Walker"), by their attorneys Grippo & Elden LLC, hereby move the Court to stay the proceedings in this matter pending Judge Shadur's ruling in *Walker v. Calumet City, Illinois,* No. 1:07-cv-6148 on whether to preliminarily enjoin City's Point of Sale Inspection Ordinance. In support of its motion, Association and Walker state as follows:

1. In this action, Plaintiffs purport to challenge the constitutionality of Defendant Calumet City's ("City") Point of Sale Inspection Ordinance. Plaintiffs have also filed a motion for preliminary injunction purporting to seek to enjoin enforcement of the ordinance (which has been stricken by the Court for failure to comply with procedural rules). As explained further below, the constitutionality of City's Point of Sale Inspection Ordinance has been the subject of litigation filed by Association and Walker against City, which has been pending before Judge Shadur for nearly two years. Indeed, Walker is the lead plaintiff in class action litigation pending before Judge Shadur that addresses the constitutionality of City's Point of Sale Inspection Ordinance. In that class action litigation, Judge Shadur will soon rule on whether to preliminarily enjoin City's Point of Sale Inspection Ordinance.

146958v1

2.  Association is an association of real estate brokers and salespersons licensed by the State of Illinois. Members' professional activities include the listing and sale of private property. Their seller clients own properties in City. Their buyer clients seek to own such properties. Members' livelihoods derive from the commissions they earn listing and selling residential property. Members are bound to follow City's Point of Sale Inspection Ordinance if they want to conduct business in City.

3.  In April 2006, Association (then called the Realtor Association of West/South Suburban Chicagoland) filed suit against City, *Realtor Association of West/South Suburban Chicagoland*, 06 C 2271, seeking a declaration that City's Point of Sale Inspection Ordinance was unconstitutional because it, among other things, unreasonably interfered with the right to freely transfer property. Association's case was assigned to Judge Shadur, who granted Association a preliminary injunction which enjoined enforcement of City's Point of Sale Inspection Ordinance. Ex. B to Motion to Intervene. That preliminary injunction was vacated on appeal because the Seventh Circuit determined that, while Association had Article III standing, it did not have "prudential standing" to challenge the constitutionality of the Point of Sale Inspection Ordinance. *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 748 (7th Cir. 2007). In its opinion, the Seventh Circuit stated that the procedurally proper way to challenge City's Point of Sale Inspection Ordinance was for "all the homeowners in Calumet City [to] be joined in a class action, since all will have suffered a possible diminution in the value of their property as a result of the ordinance." *Id.* at 747.

4.  Walker is a property owner in City. Prior to the Seventh Circuit's decision in the Association's lawsuit against City, Walker was added as a Plaintiff. After the Seventh Circuit ruled, Walker, following the suggestion of the Seventh Circuit, filed a new class action lawsuit against City challenging the constitutionality of City's Point of Sale Inspection

Ordinance.  *See* Ex. D to Motion to Intervene.  That case, *Walker v. Calumet City*, No. 1:07-cv-6148, is pending before Judge Shadur.  In her class action lawsuit, Walker seeks a declaration that City's Point of Sale Inspection Ordinance is facially unconstitutional because it unreasonably interferes with the right to freely transfer property and because it lacks due process.

        5.      Since Association first sued City in April 2006, City has amended its Point of Sale Inspection Ordinance three times, twice in 2006 and most recently on January 31, 2008.  Despite these multiple amendments, in their complaint in this case Plaintiffs purport to attack the version of the Point of Sale Inspection Ordinance that was in force as of April 2006.  Plaintiffs' complaint and motion for preliminary injunction thus address an ordinance that is no longer the law and raise issues (*e.g.*, the lack of a warrant procedure in the ordinance) that City has addressed through amendment to the ordinance.

        6.      All issues regarding the constitutionality of the current Point of Sale Inspection Ordinance are currently before Judge Shadur in the *Walker* litigation.  In that litigation, Judge Shadur has indicated that he wants to resolve class certification issues before he considers Walker's motion for a preliminary injunction.  However, Association and Walker expect Judge Shadur to decide in the very near future whether to preliminarily enjoin the Point of Sale Inspection Ordinance.  Judge Shadur is intimately familiar with the legal challenges to the ordinance and has already granted injunctive relief once.

        7.      By this motion, Association and Walker seek to stay this action to avoid concurrent litigation in more than one federal forum.  As a matter of judicial economy, the *Walker* litigation should be resolved first.  Walker not only filed her claim several months before Plaintiffs but her class action litigation is pending before Judge Shadur, who is intimately familiar with the issues because he has been presiding over related litigation for approximately two years.  A district court has broad discretion to stay litigation "for reasons of wise judicial

administration … whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citations omitted); *Landis et al. v. North Am. Co.,* 299 U.S. 248, 254 (1936) (affirming stay of proceedings challenging the constitutionality of a statute in certain district courts pending resolution of the issue in another district court; stating: "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Texas Indep. Prod. & Royalty Owners Ass'n., et al.,* 410 F.3d 964, 980 (7th Cir. 2005); *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources," and therefore have "'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation") (internal citations omitted).

8. As between federal district courts, the general principle is to avoid duplicative litigation. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) (permitting a district court to stay a declaratory judgment action in the District of Delaware in favor of underlying patent infringement action in the Northern District of Illinois to avoid duplicative litigation); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Serlin*, 3 F.3d at 223. When two duplicative actions are filed, preference is given to the court in which the related claim was first filed. *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004).

9. Generally a suit is duplicative of another "if the claims, parties and available relief do not significantly differ between the two actions." *Serlin,* 3 F.3d at 223 (internal citation omitted). A court may stay an action in deference to an earlier suit even if the parties and issues are not identical. *Landis,* 299 U.S. at 254; *Radio Corp. of Am. v. General Elec.*

*Co.*, 217 F.2d 218, 220 (7th Cir. 1955) ("The power to order that proceedings be stayed to abide proceedings in another court is not limited to situations were the parties to the two causes are the same and issues identical").

10. When determining whether to enter a stay, the court may consider the prejudice to non-moving parties. *Landis*, at 299. In this action, there will be no prejudice to either Plaintiffs or City if this action is stayed. City has represented to the Court in the *Walker* class action litigation pending before Judge Shadur, that it will not enforce its Point of Sale Inspection Ordinance until Judge Shadur rules on a motion for a preliminary injunction in that case. Ex. E to Motion to Intervene. As such, Plaintiffs' interests will not be prejudiced by a stay because City will not enforce its ordinance against them until Judge Shadur rules. City also will not be prejudiced by a stay because it will only be required to defend its ordinance in one forum instead of two. In addition, even if there was some minimal prejudice – which there is not – the stay requested by Association and Walker is quite short in duration – only until Judge Shadur decides whether to preliminarily enjoin the ordinance, an issue Association and Walker expect he will decide in the very near future. In contrast, denying the stay could potentially seriously harm Association, Walker and City property owners because Plaintiffs in this case are not competent to protect the interests of City property owners (*e.g.,* they are not even attacking an ordinance that is in force in City), which could be materially affected by any substantive rulings by this Court.

11. In sum, this Court should exercise its discretion to stay this action until Judge Shadur decides whether to preliminarily enjoin City's Point of Sale Inspection Ordinance. This action and *Walker* are duplicative. Association and/or Walker have been litigating the issues raised by Plaintiffs' complaint against City for the last two years before Judge Shadur. A stay will promote the efficient and consistent determination of whether City's Point of Sale

5

Inspection Ordinance is unconstitutional.  Judge Shadur is intimately familiar with the issues regarding the ordinance and will promptly rule on whether to preliminarily enjoin the ordinance once class certification is finalized.  Denial of a stay, on the other hand, will result in inefficiency (two judges considering the same issues at the same time) with possibly conflicting results.  Finally, no prejudice will result from the stay.

WHEREFORE, for the reasons discussed above, Association and Walker respectfully request that the Court stay this action until Judge Shadur rules on whether to preliminarily enjoin City's Point of Sale Inspection Ordinance in *Walker v. Calumet City, Illinois,* No. 1:07-cv-6148.


DATED:  March 26, 2008                                    Respectfully submitted,

**MAINSTREET ORGANIZATION OF REALTORS® and AYANNA WALKER**


By:/s/ Patrick T. Nash
    One of Their Attorneys

Philip C. Stahl
Patrick T. Nash
Maggie M. Hanel
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 704-7700
Fax: (312) 558-1195

146958v1

**CERTIFICATE OF SERVICE**

I, Patrick T. Nash, certify that on this 26th day of March, 2008, I served the foregoing **MOTION OF INTERVENORS MAINSTREET ORGANIZATION OF REALTORS® AND AYANNA WALKER TO STAY**, to the following by Electronic Mail Transmission via the ECF System upon:

> Mark H. Sterk
> ODELSON & STERK, LTD.
> 3318 West 95th Street
> Evergreen Park, IL  60805
>
> John B. Murphey
> ROSENTHAL, MURPHEY & COBLENTZ
> 30 North LaSalle Street
> Suite 1624
> Chicago, IL  60602
>
> Marsha B. Gevers
> MARCIA B. GEVERS & ASSOCIATES
> 19710 Governors Highway, Suite 8
> Flossmoor, IL  60422

/s/ Patrick T. Nash
Patrick T. Nash

146958v1