IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HUSSEIN M. MANN and DEBRA HOUSTON-MANN, | ) ) | |
| Plaintiffs, | ) | Case No. 08 C 555 |
| vs. | ) ) | Judge David H. Coar |
| CALUMET CITY, ILLINOIS, | ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | |

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant City of Calumet City ("City") by its attorneys John B. Murphey and Mark Sterk move to dismiss this Complaint pursuant to FRCP 12(b)(1) and 12(b)(6). In support of this Motion, the City states:

**I.   Introduction and Summary of the Ordinance.**

1. Plaintiff has filed a four Count Amended Complaint. Count I alleges that the City's Point of Sale Inspection Ordinance ("Ordinance") unreasonably restrains the right of property owners to transfer their real property in the City. ¶¶27-34. This is a facial constitutional challenge. ¶1.

2. Count II, "Lack of Procedural Due Process," 35-40, claims that the Ordinance fails to provide appropriate predeprivation hearings and grants unfettered discretion to City building officials (¶37) to "order repairs unrelated to conditions that affect the public health, safety and welfare." ¶¶35-39. Count II is also a facial challenge.

3. Count III, Par. 41-46, seeks mandatory injunctive relief. Count III alleges that the City has a constitutional obligation to "issue re-build letters and/or confirmation regarding whether property is [a] legal nonconforming [use]" as part of a real estate transfer process. Ct. III, Prayer (c).

4. Finally, Count IV (Par. 47-54) asks this Court to impose damages based on a void Order by Judge Shadur in a different case (06 C 2271), a case in which these plaintiffs were not parties. The Seventh Circuit found that Judge Shadur had no jurisdiction over the parties because of the Realtors' lack of standing. <u>Mainstreet, etc. v. Calumet City</u>, 505 F.3d 742 (7th Cir. 2007) Indeed, the Order Judge Shadur entered awarding damages to plaintiffs was not only rendered without jurisdiction, but rendered without any opportunity for the City to respond, take discovery, or otherwise challenge the sufficiency of plaintiff's claims.

5. This Amended Complaint fails to state a constitutional claim and should be dismissed in its entirety.

6. The Ordinance is attached hereto as **Exhibit 1,** and is also Ex. A to the Amended Complaint. The City summarizes the Ordinance in detail below.

*(a) Department Created; Definition*; *General Requirement*. This subsection defines the term "point of sale inspection" and provides that a point of sale inspection shall be required relative to the transfer of real estate "except as exempted herein."

*(b) Notice of Proposed Transfer of Real Property Required.* This subsection requires an owner of property to provide a notice of proposed transfer of real property.

*(c) Compliance Inspection; Pertinent Code Requirements.* Under this subsection, when the owner submits the notice, the form also constitutes the City's request to conduct a Compliance Inspection. This subsection gives notice to the owners that the inspection will be specifically limited to making sure the structure complies with the various codes the City has adopted, including various property maintenance codes. The City has adopted the "2000 International Property Maintenance Code." This Code is Complaint **Exhibit B.** This subsection also limits the City's deconversion authority to those properties which have been "illegally

converted," defined to mean structures which violate the zoning ordinance and are not legal nonconforming uses.

*(d) **The Proposed Compliance Inspection.*** This subsection obligates the City to conduct a proposed Compliance Inspection within 28 days of notice, and notify the seller of his right to refuse consent to the Compliance Inspection. The City must also advise owners of tenants' rights to contest inspections.

*(e) **Refusal to Consent; Warrant Procedures.*** This subsection requires the City to seek a warrant in the Circuit Court of Cook County within 10 days after the owner's nonconsent in order to conduct a search.

*(f) **Uninspected Property; Transfer Stamps.*** If an owner declines consent and if either the City does not seek a warrant within 10 days or the court denies the warrant, then the owner may obtain his transfer stamps without a Compliance Inspection.

*(g) **Inspection Procedures; Fast Track Due Process.*** This subsection deals with the actual processing of an inspection upon either consent or a warrant. This subsection obligates the City to give the owner the results of the inspection within 3 business days after the inspection. At the latest, the owner will be on notice as to the repairs/deconversion process within 31 days after the owner initiates the notice of transfer process.

If the owner disputes the inspector's determination of needed repairs, the Ordinance now provides for fast track administrative review of that determination. The owner may object and an administrative hearing will be provided within five business days. A second layer of review is available by way of appeal to the City's Zoning Board of Appeals. See subsection G(ii) and (iii).

*(h) **Follow Up Repairs; Reinspection.*** This subsection provides that an owner issued a notice of repairs as provided in subsection (g), shall proceed to make such repairs. Upon

3

completion of the repairs and notice to the City, the City will conduct a reinspection within 3 business days thereafter.

*(i) Payment of Current Water Bill; Predeprivation Hearing.* This subsection provides for payment of the current water bill prior to the issuance of transfer stamps. The City must offer a predeprivation due process hearing prior to closing if the owner disputes such obligation, within 3 business days of such a request. If the owner disputes the City's determination as to liability, the owner is allowed to pay the bill under protest and pursue civil remedies to recover any claimed overcharge.

*(j) Conditional Certificate of Compliance; Procedures.* This subsection allows for the transfer of property even if the repairs have not been completed before closing. An amount equal to the estimated cost of repair is posted with the City, and the buyer is given up to 180 days to complete the repairs. Upon the buyer's failure to complete repairs, the City must seek a court order to require the repairs.

*City Code Section 82-327(b)*. Section 82-327(b) now provides that the City must issue transfer tax stamps not only upon the issuance of a Certificate of Compliance but also when no inspection takes place because of the combination of (i) no consent and (ii) no warrant. This section maintains the requirement that transfer stamps will not issue unless the current water bill is paid. However, this section also cross-references the procedural due process rights set forth in §14-1(i).e.

II.   **Reasons Why the Amended Complaint Should be Dismissed.**

The Amended Complaint should be dismissed for the following reasons:

A.   **Count I:**   The Ordinance does not amount to an unreasonable restraint on "the right of property owners to transfer their property.

4

  **B.** **Count II:** The Ordinance does not violate procedural due process.

  **C.** **Count III:** The City has no constitutional obligation to "issue rebuild letters and/or confirm that the property is legal nonconforming.

  **D.** **Count IV:** Because the Order entered by Judge Shadur in the <u>Realtors</u> case was without jurisdiction and because that Order did not provide the City any opportunity whatsoever to defend itself against plaintiff's claims, that Order is a nullity and cannot be enforced by this Court.

  Calumet City requests that the Amended Complaint be dismissed with prejudice.

        City of Calumet City
        By: /s/ John B. Murphey

JOHN B. MURPHEY/ARDC #1992635
Rosenthal, Murphey & Coblentz
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax (312) 541-9191

MARK STERK/ARDC #3125540
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel. (708) 424-5678
Fax (708) 424-5829

G:\rmcj\calumet city\mann\Motion to Dismiss.doc

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | | |
|---|---|---|
| Marcia B. Gevers<br>Marcia B. Gevers & Assoc.<br>19710 Governors Hwy<br>Suite 8<br>Flossmoor, Illinois 60422 | Mark H. Sterk<br>Michael Joseph Hayes, Jr.<br>Robert Wilder<br>Richard F. Bruen, Jr.<br>Odelson & Sterk<br>3318 W. 95th St.<br>Evergreen Park, Ill. 60805 | Philip C. Stahl<br><br>Patrick Thomas Nash<br>Grippo & Elden<br>111 South Wacker Drive<br>Chicago, Illinois 60606 |

Donald P. Bunin
Mark A. Semisch
Grippo & Elden LLC
111 South Wacker Drive
Chicago, Illinois 60606


    /s/    Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorneys for Calumet City
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191