IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HUSSEIN M. MANN and ) | | |
| DEBRA HOUSTON-MANN, ) | | |
| Plaintiffs, ) | Case No. 08 C 555 | |
| vs. ) | | |
| ) | Judge David H. Coar | |
| CALUMET CITY, ILLINOIS, ) | Magistrate Judge Morton Denlow | |
| Defendant. ) | | |

**REPORT OF PARTIES' PLANNING CONFERENCE**

Pursuant to this Court's Order, Philip C. Stahl and Patrick T. Nash representing Plaintiffs, and Mark H. Sterk and John B. Murphey representing the Defendant, met on June 5, 2008 pursuant to Rule 26(f) to discuss:

1. the nature and basis of their claims and defenses;

2. the possibilities for a prompt settlement or resolution of this case;

3. the disclosures required under Rule 26(a)(1); and

4. a discovery plan.

To that end, the parties propose the following:

A. The issues in this case may be simplified by taking the following steps:

1. The parties anticipate concurrently presenting a Motion for Preliminary Injunction (plaintiff) and a Motion to Dismiss (defendant). Resolution of these legal issues may result in simplification of the entire litigation.

2. The parties propose that this case may be simplified if this Court addresses at the outset of this litigation whether the Order entered by Judge Shadur, which is the subject matter of Count IV, is enforceable in this action.

B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

None.

C. Discovery will be needed on the following subjects:

1. Production by Defendant of the property file for Plaintiffs' property.

285338v1
285338v1

       2.       Plaintiffs propose to engage in discovery regarding matters raised in Count III. Defendant objects to such discovery because Defendant views Count III as a facial challenge.

       3.       a.     Depending on arguments raised by Defendant in response to Plaintiffs' motion for preliminary injunction, Plaintiff may require discovery on the elements of injunctive relief other than likelihood of success on the merits.

              b.     Defendant will require the depositions of the Plaintiffs with respect to the factual matters which they have verified in order to defend against the Motion for Preliminary Injunction. Plaintiffs believe that, because the Motion for Preliminary Injunction is directed towards Counts I and II only, which are both facial challenges, no depositions are required or necessary prior to the Court's decision on the Motion for Preliminary Injunction.

       4.       In the event this Court holds that the Order referred to in Count IV is valid, Defendant will need discovery regarding Count IV matters in terms of Plaintiffs' claim to damages. In the event the Court holds that the Order referred to in Count IV is invalid, both parties will require discovery into the events of October 2006 regarding the attempted sale of Plaintiffs' property.

D.     Discovery should be conducted in phases:

     Phase 1:    Discovery outlined in Paragraphs C(1)-(3), above.

     Phase 2:    Discovery outlined in Paragraph C(4), above.

E.     Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge. No.

F.     The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G.     The parties have discussed the possibility of alternative dispute resolution and concluded: Alternate dispute resolution is not appropriate because the issues in this litigation are largely legal.

H.     The parties have discussed a prompt settlement or other resolution of this matter. As respects Count IV, the Plaintiffs have made a written demand of $51,900, and the Defendant has offered $0. There have been no settlement discussions regarding Counts I-III.

I.     The Court should consider the following methods of expediting the resolution of this matter: The parties believe that a decision on the Motion to Dismiss and Motion for Preliminary Injunction will expedite this matter.

       /s/ Patrick T. Nash
       Attorney for Plaintiffs

Philip C. Stahl
Patrick Thomas Nash
Grippo & Elden
111 South Wacker Drive
Chicago, Illinois 60606


       /s/ John B. Murphey
       Attorney for Defendant


| | |
|---|---|
| JOHN B. MURPHEY/ARDC #1992635 | MARK STERK/ARDC #3125540 |
| Rosenthal, Murphey & Coblentz | Odelson & Sterk, Ltd. |
| 30 North LaSalle Street, Suite 1624 | 3318 West 95th Street |
| Chicago, Illinois 60602 | Evergreen Park, Illinois 60805 |
| Tel. (312) 541-1070 | Tel. (708) 424-5678 |
| Fax (312) 541-9191 | Fax (708) 424-5829 |

## CERTIFICATE OF SERVICE

  I hereby certify that on June 17, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | | |
|---|---|---|
| Marcia B. Gevers<br>Marcia B. Gevers & Assoc.<br>19710 Governors Hwy<br>Suite 8<br>Flossmoor, IL 60422 | Mark H. Sterk<br>Michael Joseph Hayes, Jr.<br>Robert Wilder<br>Richard F. Bruen, Jr.<br>Odelson & Sterk<br>3318 West 95th St.<br>Evergreen Park, IL 60805 | John B. Murphey<br>ROSENTHAL, MURPHEY<br>& COBLENTZ<br>30 North LaSalle Street<br>Suite 1624<br>Chicago, IL 60602 |

        /s/Patrick T. Nash
        Patrick T. Nash
        Grippo & Elden LLC
        111 South Wacker Drive
        Suite 5100
        Chicago, IL 60606
        (312) 704-7700
        (312) 558-1195

285338v1