IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| HUSSEIN M. MANN and | ) | | |
| DEBRA HOUSTON-MANN, | ) | | |
| Plaintiffs, | ) | Case No. 08 C 555 | |
| vs. | ) | | |
| | ) | Judge David H. Coar | |
| CALUMET CITY, ILLINOIS, | ) | Magistrate Judge Morton Denlow | |
| Defendant. | ) | | |

**CITY OF CALUMET CITY'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

**I.    Counts I and II – Incorporation by Reference**

With respect to Counts I and II, the City incorporates its arguments set forth in our response to plaintiffs' Motion for Preliminary Injunction. For the reasons set forth therein, the Count I and Count II challenges are without merit. The Ordinance is constitutional on its face.

**II.   Count III:  The City Has No Constitutional Obligation  to "Issue Rebuild Letters and/or Confirm that Property is Legal Nonconforming"**

Count III seeks extraordinary mandatory injunctive relief. The key allegation of Count III is ¶43. Mr. and Mrs. Mann claim that under the City's Zoning Ordinance, a nonconforming use of property may be lost if the property is damaged by more than 50%. True. But Calumet City's requirement is common and constitutional. Smith v. Town of Normal, 238 Ill.App.3d 944, 178 Ill.Dec. 933 (4th Dist. 1992) ("prohibiting certain types of repairs or extensive repair on structures devoted to a nonconforming use is a reasonable method for eliminating such nonconforming uses over time [which] is a rational relationship to the public interests in protecting landowners and general neighborhoods from incompatible and detrimental land use."); "Zoning: Right to Repair or Reconstruct Buildings Operating as Nonconforming Use After Damage or Destruction By Fire or Other Casualty," 57 ALR3d 419; "Alteration, Extension,

Reconstruction or Repair of Nonconforming Structure Devoted to Nonconforming Use as Violation of Ordinance," 63 ALR4th 275 (1988).

Plaintiffs contend that the City has a constitutional duty to provide letters to lenders certifying one way or another whether a property "is in fact legal nonconforming." Am. Cplt. ¶43. Why? Because, according to Mr. and Mrs. Mann, "buyers' lenders will not loan buyers money in the absence of a rebuild letter," and the City "refuses to issue rebuild letters … that buyers' lenders uniformly require." Neither the Amended Complaint nor the supporting affidavit informs the Court as to the Manns' source of expertise as to lending practices throughout the country. The issue they raise is best addressed to the state and local legislatures, not the federal judiciary.

Count III fails to state a constitutional claim. As a legal matter, a municipality has no constitutional obligation to provide code interpretation letters to unnamed lenders. These plaintiffs have no standing to make such demands. Ordering the legislative branch to make in affirmative representations to unknown "lenders" regarding properties not before this Court would be an extraordinarily unwarranted judicial intervention into the day to day operation of another branch of the government.

Plaintiffs' request for a mandatory injunction is unwarranted and without any constitutional underpinning. "A mandatory injunction requires the court to command the defendant to take a particular action, [so] mandatory … writs are ordinarily cautiously viewed and sparingly issued …" Graham v. Medical Mutual of Ohio, 130 F.2d 293, 295 (7th Cir. 1997) [Internal citations omitted]; W. A. Mack v. General Motors, 260 F.2d 886, 890 (7th Cir. 1958) (mandatory injunctions are rarely granted and will only be granted "upon the clearest equitable

grounds"). The relief requested by plaintiffs is more appropriately directed to the corporate authorities at a City Council meeting rather than through attempted judicial imposition.

**III.     Count IV Should be Dismissed Because the Order Entered by Judge Shadur was Without Jurisdiction and Failed to Provide the City with any Opportunity to Defend Itself**

The Seventh Circuit's decision in <u>Realtors</u> dismissed the case for lack of jurisdiction. During the course of the proceedings before Judge Shadur, that Court issued an order requiring the City to pay money to the Manns based on an alleged bureaucratic thwarting of the sale of their house. The Amended Complaint concedes that the Manns were not parties to the Realtors litigation; that the City had no opportunity to defend itself against the Mann obligation; and that the order should never have been entered in the first place because Judge Shadur lacked jurisdiction.

Under these circumstances, Count IV fails to state a claim. Since Judge Shadur had no jurisdiction over the parties, that Court had no jurisdiction to award damages in favor of somebody who was not even an intervening party to that litigation. To the extent the Manns believe that Judge Shadur had jurisdiction and issued an enforceable order, their recourse is before Judge Shadur.

**IV.     Conclusion**

This Ordinance is constitutional. The Amended Complaint should be dismissed.

                                                 City of Calumet City

                                                 By:     /s/ John B. Murphey

| | |
|---|---|
| JOHN B. MURPHEY/ARDC #1992635 | MARK STERK/ARDC #3125540 |
| Rosenthal, Murphey & Coblentz | Odelson & Sterk, Ltd. |
| 30 North LaSalle Street, Suite 1624 | 3318 West 95th Street |
| Chicago, Illinois 60602 | Evergreen Park, Illinois 60805 |
| Tel. (312) 541-1070/Fax (312) 541-9191 | Tel. (708) 424-5678/Fax (708) 424-5829 |

G:\rmcj\calumet city\mann\MemLawMTD7-5-08.doc

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 7, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | | |
|---|---|---|
| Marcia B. Gevers | Mark H. Sterk | Philip C. Stahl |
| Marcia B. Gevers & Assoc. | Michael Joseph Hayes, Jr. | Maggie M. Hanel |
| 19710 Governors Hwy | Robert Wilder | Patrick Thomas Nash |
| Suite 8 | Richard F. Bruen, Jr. | Grippo & Elden |
| Flossmoor, Illinois 60422 | Odelson & Sterk | 111 South Wacker Drive |
| | 3318 W. 95th St. | Chicago, Illinois 60606 |
| | Evergreen Park, Ill. 60805 | |

Donald P. Bunin
Mark A. Semisch
Grippo & Elden LLC
111 South Wacker Drive
Chicago, Illinois 60606

      /s/   Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorneys for Calumet City
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191

| | |
|---|---|
| Filename: | MemLawMTD7-5-08 |
| Directory: | C:\Documents and Settings\Mary\Local Settings\Temp |
| Template: | C:\Documents and Settings\Mary\Application Data\Microsoft\Templates\Normal.dot |
| Title: | IN THE UNITED STATES DISTRICT COURT |
| Subject: | |
| Author: | Cleo |
| Keywords: | |
| Comments: | |
| Creation Date: | 7/7/2008 9:11 AM |
| Change Number: | 7 |
| Last Saved On: | 7/7/2008 10:58 AM |
| Last Saved By: | Cleo |
| Total Editing Time: | 6 Minutes |
| Last Printed On: | 7/7/2008 12:32 PM |

As of Last Complete Printing
   Number of Pages: 4
   Number of Words:   926 (approx.)
   Number of Characters:   5,283 (approx.)