IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUSSEIN H. MANN and DEBRA HOUSTON-MANN,<br><br>           *Plaintiffs*,<br><br>v.<br><br>CALUMET CITY, ILLINOIS,<br><br>           *Defendant*. | Case No. 08-cv-00555<br><br>Judge David H. Coar<br>Magistrate Judge Morton Denlow |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS INTERVENORS

### INTRODUCTION

Defendant Calumet City, Illinois ("City") moved to dismiss Intervenors Mainstreet Organization of Realtors® ("Association") and Ayanna Walker ("Walker") as participants in this litigation and for an order vacating the Court's prior order granting Association and Walker leave to intervene in this suit. With respect to Association, City argues that Association should not be allowed to continue to participate in this litigation as an intervenor because the Seventh Circuit held that Association lacked "prudential" standing to challenge City's Point of Sale Inspection Ordinance ("Ordinance") as a *plaintiff* in *Realtor® Association of West/South Suburban Chicagoland v. Calumet City, Illinois*, No. 06-cv-2271 (N.D. Ill.)(Shadur, J.) (the "Association Litigation"). As for Walker, City argues that Walker should not be an intervenor because her suit against City, *Walker v. Calumet City, Illinois*, Case No. 07-cv-6148 (N.D. Ill.)(Shadur, J.) (the "Walker Litigation"), has been dismissed.

This memorandum in opposition (I) (A) sets forth a description of the Association Litigation and (B) explains that Association meets the standards for permissive intervention

517797.1

under Fed. R. Civ. P. 24(b) and should remain a party, and (II) explains that Walker does not oppose her dismissal as a participant in this litigation.

I. **ASSOCIATION MEETS ALL OF THE REQUIREMENTS FOR PERMISSIVE INTERVENTION UNDER RULE 24.**

    A. **The Association Litigation.**

Association is an association of real estate brokers and salespersons licensed by the State of Illinois. Association's members "list" and "sell" their clients' residential property in City, pursuant to written exclusive agreements, and assist buyer-clients that seek to own property in City. Association's members' livelihoods derive from the commissions they earn listing or selling real estate on behalf of their seller-clients and assisting their buyer-clients in the purchase of real estate (*e.g.*, if the sale of property does not close, they earn nothing; if the property sells at a reduced price, they earn less). Association's members are bound to follow City's Ordinance if they want to conduct business and, in reality, are the ones that ensure compliance with the Ordinance on the part of their clients.

In April 2006, Association filed the Association Litigation challenging the constitutionality of City's then-enacted Point of Sale Inspection Ordinance. On August 8, 2006, Judge Shadur enjoined the enforcement of that ordinance. Thereafter, City amended its ordinance and moved to dissolve the injunction entered by Judge Shadur on August 8. Judge Shadur granted the motion to dissolve and, after briefing, on December 8, 2006, enjoined the new ordinance (the "December 8 Injunction") (attached hereto as Ex. A). City appealed the entry of the December 8 Injunction.

On October 17, 2007, the Seventh Circuit vacated the December 8 Injunction on the ground that, while Association had Article III standing, Association did not have "prudential"

standing. *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 745, 748 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 2871 (U.S. 2008).

### B. Association Satisfies Rule 24's Requirements For Permissive Intervention, Which Do Not Include "Prudential" Standing.

Pursuant to Fed. R. Civ. P. 24(b)(1)(B), the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. Permissive intervention is wholly discretionary. *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000).

Here, Association should remain in this litigation as an intervenor-plaintiff with respect to Counts I-III of Plaintiffs Hussein Mann and Debra Houston-Mann's First Amended Verified Complaint. Association plainly has an interest in the outcome of this litigation and would benefit from a favorable judgment on Counts I-III. City's argument that Association should be dismissed from this action because the Seventh Circuit ruled that Association lacks "prudential" standing is a red herring. The Seventh Circuit's ruling has no bearing whatsoever on whether Association may act as an intervenor-plaintiff in this case. Simply put, there is nothing in Rule 24(b) that requires a permissive intervenor have "prudential" standing. City does not claim as much nor does it provide any authorities in support of such a proposition.

Moreover, the fact that Association has Article III standing, as found by the Seventh Circuit (*Mainstreet Org. of Realtors*, 505 F.3d at 745), is more than sufficient under Rule 24(b). Given that permissive intervention is at the discretion of the court, which is directed to consider whether the adjudication will unduly delay or prejudice the adjudication of the rights of the original parties, concerns about the possible ill effects of allowing the intervention of a party without Article III standing may not be justified. *Transamerica Ins. Co. v. South*, 125 F.3d 392, 396 n.4 (7th Cir. 1997). The intervenor-by-permission does not have to be a person who

would have been a proper party at the beginning of the suit, since of the two tests for permissive joinder of parties, a common interest of law or fact and some right to relief arising from the same transaction, only the first is stated as a limitation on intervention. *United States v. Sidley Austin Brown & Wood LLP*, No. 03 C 9355, 2004 U.S. Dist. LEXIS 7355, at *4 (N.D. Ill. Apr. 28, 2004)(citing C. Wright & A. Miller, Federal Practice and Procedure (Civil) Sec. 1911 (2d ed. 1986)) (attached hereto as Ex. B). Accordingly, City's request for relief with respect to Association as intervenors as party-plaintiff should be denied.

II. **WALKER RECEIVED ALL THE RELIEF SHE REQUESTED IN THE WALKER LITIGATION AND, THEREFORE, DOES NOT OPPOSE HER DISMISSAL AS A PARTICIPANT IN THIS LITIGATION.**

In the Walker Litigation, Walker sought non-enforcement of City's Ordinance, elimination of the procedures by which City could declare her property to be illegal nonconforming without due process, and protection against City's refusal to confirm that her property is legal nonconforming. Walker received all the relief she sought.

On May 22, 2008, Judge Shadur entered the Final Order of Dismissal ("Walker Order") (attached hereto as Ex. C), formalizing and memorializing City's (1) promise not to enforce the Ordinance against Walker and (2) certification that Walker's property is legal nonconforming. The Court required that the Walker Order be recorded with the Recorder of Deeds, so that the legal nonconforming status of Walker's property runs with the land.

Given that the Walker Order provided all the relief Walker sought through the Walker Litigation, and the fact that the Walker Order subjects City's conduct to judicial oversight in the form of potential contempt proceedings in the event City acts inconsistently with the Walker Order, Walker does not oppose City's request to dismiss her as a participant in this litigation.

## CONCLUSION

Based upon the foregoing, Association respectfully requests that the Court deny City's Motion to Dismiss.

Dated: August 7, 2008

Respectfully Submitted,

MAINSTREET ORGANIZATION OF REALTORS and AYANNA WALKER

/s Patrick T. Nash
One of Their Attorneys

Philip C. Stahl
Patrick T. Nash
Donald P. Bunnin
Mark A. Semisch
GRIPPO & ELDEN LLC
111 S. Wacker Drive
Chicago, IL 60606
Phone: (312)704-7700
Fax:   (312)558-1195

## CERTIFICATE OF SERVICE

I, Patrick T. Nash, certify that on this 7th day of August, 2008, I served the foregoing **MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS INTERVENORS** to the following by Electronic Mail Transmission via the ECF System upon:

>Mark H. Sterk
>ODELSON & STERK, LTD.
>3318 West 95th Street
>Evergreen Park, Illinois 60805
>
>John B. Murphey
>ROSENTHAL, MURPHEY & COBLENTZ
>30 North LaSalle Street
>Suite 1624
>Chicago, IL 60602

>/s/ Patrick T. Nash
>Patrick T. Nash

517797.1